UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DALTON,

    Plaintiff,

v.

HEAVENLY LETTERS, "TIA",
and JADE JOHNSON,

    Defendants.
                                          /

Case No. 10-cv-13173

HONORABLE STEPHEN J. MURPHY, III

**ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER JURISDICTION**

    Plaintiff filed this lawsuit against Defendants alleging that Defendants stole money from Plaintiff when Plaintiff placed an order for goods or services and Defendant received the money but never sent Plaintiff the request goods or services. The civil cover sheet states that the basis of jurisdiction is predicated on federal question jurisdiction.

    Considering whether jurisdiction to hear a case exists is the "first and fundamental question presented by every case brought to the federal courts." *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) (quotation omitted). A district court must consider whether it has jurisdiction to hear a case even when the parties concede or do not raise the issue. *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998); *see also* Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, "[i]t is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Metro*, 541 F.3d at 610 *(quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Plaintiff's purported source of subject matter jurisdiction for this action -- as stated in the cover sheet -- is federal question jurisdiction. To invoke the Court's federal question jurisdiction, a federal question must be presented on the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93, (1987). Plaintiff's complaint does not allege the existence of any federal question at issue in this case, even when this Court construes the complaint liberally.[1] His cause of action sounds entirely in state law. Furthermore, Plaintiff fails to state the citizenship of any of the parties, thereby preventing this Court from determining whether the parties are completely diverse. *See* 28 U.S.C. § 1332(a)(1); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005).

---

[1] Plaintiff filed his complaint on a form entitled "Prisoner Civil Rights Complaint" for use by state prisoners filing under 42 U.S.C. § 1983. That the complaint form contains "42 U.S.C. § 1983" on the front page is not sufficient to allege a federal question. To adequately allege federal question jurisdiction, the plaintiff must show that the complaint alleges a claim under federal law and that the claim is "substantial." *Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008). A claim is "substantial" unless prior decisions "inescapably render [it] frivolous." *Id.* (alteration in original). Plaintiff's § 1983 claim is not substantial because, as stated more fully below, the law is clear that § 1983 applies only to state actors and Plaintiff does not allege that Defendants are state actors.

Even assuming Plaintiff had adequately alleged the existence of a substantial federal question, the complaint would be subject to *sua sponte* dismissal for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 212 (2007) (court must dismiss case when the action satisfies § 1915(e)(2)(B) and court has no discretion to permit amendment to avoid dismissal).

To state a valid § 1983 claim, the Plaintiff must allege sufficient facts that, if true, would establish that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Plaintiff has failed to allege facts that would support either requirement. It seems that Defendants are (or were) purely private actors and that their conduct cannot be "fairly attributable to the state." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

Accordingly, the Court must dismiss this case, without prejudice, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**WHEREFORE** it is hereby **ORDERED** that this action is **DISMISSED** without prejudice, for lack of subject matter jurisdiction.

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: August 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2010, by electronic and/or ordinary mail.

John Purdy
Deputy Clerk